## R. L. BARRETT ET AL. v. J. H. HABERN.

### Decided November 21, 1899.

**1.  Appeal from Justice to County Court—Pleading New Matter.**

Where, on appeal from the justice to the county court by certiorari, sequestration proceedings had in the justice court were quashed and dismissed, plaintiff was not then entitled to then plead that the sureties on the replevin bond had converted the property, as this would be setting up a new cause of action. Rev. Stats., art. 358.

**2.  Sequestration—Liability of Sureties on Replevin Bond.**

Where sequestration proceedings are quashed and dismissed because of defects in the affidavit and bond, no recovery can be had against the sureties on defendant's replevin bond.

ERROR from the County Court of Collin.  Tried below before Hon. J. H. FAULKNER.

*Abernathy & Beverley,* for plaintiffs in error.

*Abernathy & Mangum,* for defendant in error.

RAINEY, ASSOCIATE JUSTICE.—This suit was originally instituted in the justice court by J. H. Habern against R. L. Barrett to recover an indebtedness due to Habern for labor performed by him in making the crop grown by Barrett during the year 1898, Habern alleging that he had a laborer's lien upon said crop to secure the payment of said indebtedness.  He also caused a writ of sequestration to issue which was levied upon the corn crop grown by said Barrett as aforesaid.  Said corn was replevied by Barrett, W. F. Moore and T. P. Rollow being the sureties on his replevy bond.  Barrett failed to answer, but agreed that plaintiff might take judgment for his debt and the foreclosure of his lien.  Judgment was entered accordingly upon the verdict of the jury finding for the plaintiff the amount sued for and the foreclosure of the laborers' lien on the crop.  Judgment was also entered against Moore and Rollow as sureties on the replevy bond.  There was no finding as to the value of the property replevied.

After the time had elapsed for taking an appeal, Moore and Rollow applied to the County Court for a writ of certiorari, which was granted and the cause carried to that court for trial.  In the County Court Habern filed a motion to dismiss the cause for alleged defects in the petition for certiorari, which was overruled.  Moore and Rollow moved to quash the affidavit and bond on which the writ of sequestration was based, which was sustained, and the sequestration proceedings dismissed.  Habern then filed an amended plea alleging that Moore and Rollow had wrongfully converted the property, and asked a recovery against them on that ground.  Moore and Rollow excepted to said plea as setting up a new cause of action and moved to dismiss the proceedings against them, contending that they were only liable on their replevy bond, and that as

the sequestration proceedings had been quashed, no recovery could be had against them in that proceeding. The exception and motion were overruled, and upon trial judgment was rendered for plaintiff against Barrett and Moore and Rollow. From that judgment Moore and Rollow prosecute this writ of error.

There was no error in the court overruling Habern's exceptions to the petition for writ of certiorari. The petition on its face showed that injustice had been done Moore and Rollow, and set forth sufficient facts showing that they were not negligent in presenting their defenses in the justice court. The court, however, erred in failing to sustain Moore and Rollow's exceptions to Habern's plea, which sought a recovery of them for a wrongful conversion of the corn, and in refusing to sustain their motion to be dismissed from the case. It is clear that Habern's plea set up a new cause of action against Moore and Rollow, which is prohibited by our statutes. Rev. Stats., art. 358.

Moore and Rollow's liability existed alone in this proceeding by reason of the execution of the replevy bond. The sequestration proceedings having been dismissed, no recovery could be had against them by reason thereof. Mitchell v. Bloom, 91 Texas, 635.

Other questions are raised which are not material in view of the above holding, and it is unnecessary to consider them.

The judgment as to Moore and Rollow is therefore reversed and here rendered in their favor. As to Barrett, the judgment is not disturbed.

*Reversed and rendered.*